Lane, C. J.
The relief claimed in the present case depends on the position assumed *by the plaintiffs, that the Bank of the United States accepted the transfer of the Davis judgment, as made by Davis and Wheeler without Findlay, undertook its management as owners, and assented for them to the order of court, *64 setting the sale aside, by which their priority was lost; that they are responsible for the loss arising from their mismanagement; that it is inequitable and unjust for the bank to enforce its judgment against Eindlay, Davis, and Wheeler, arising on a liability for the Cincinnati Manufacturing Company, and for which they were indemnified by the priority of their lien, when that priority has been lost by the acts of the agents of the bank.
The case has been discussed by counsel, in various points of view, and it is not necessary here to detail the testimony. , But we find, from proof, that it is altogether improbable that the consent, either of Findlay, Davis, or Wheeler, or of their counsel, was given to the setting aside the sale; that the order was made, either upon the bank’s assuming to give the assent of Findlay, Davis, and Wheeler, in the then existing relation between them, or that the assent was taken for granted, or inadvertently overlooked by the counsel for the bank and the. Miami Exporting Company. In either alternative, its consequences are equally disastrous to the holders of the lien; for without fault or negligence, they have lost the security, by which they would be protected from loss on their liability for the manufacturing company; and the money which ought to have extinguished their debt to the bank, is now held by the bank as a payment of another judgment.
The case, therefore, is resolved by the pripciple, that it is *uneonscientious for a creditor to enforce his debts against [64 a debtor whose security is impaired or destroyed by his act.
Decree for the plaintiffs.